IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMMY GEORGE PERKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv1046-WKW |
| | ) | (WO) |
| CARTER F. DAVENPORT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Timmy George Perkins ("Perkins"), a state inmate at St. Clair Correctional Facility, in Springville, Alabama, filed this *pro se* petition seeking habeas corpus relief under 28 U.S.C. § 2254. Doc. No. 1. In the petition, Perkins challenges the validity of his 2011 convictions for two counts of first-degree sodomy, in the Circuit Court of Calhoun County, Alabama. *Id*. at 1.

**DISCUSSION**

Title 28 U.S.C. § 2241(d) provides, in pertinent part:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, petitions for writ of habeas corpus brought under 28 U.S.C. § 2254 may be filed either in the federal district court for the district of the state court of

conviction or the federal district court in the district of incarceration.

Perkins was convicted in Calhoun County, Alabama, and is incarcerated at the St. Clair Correctional Facility. Calhoun County falls within the Northern District of Alabama. The St. Clair Correctional Facility (in Springville, Alabama) is located in St. Clair County, Alabama, and also falls within the Northern District of Alabama. Because neither Perkins's place of conviction nor his place of incarceration falls within the Middle District of Akabama, this court does not have jurisdiction to entertain his § 2254 petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Perkins is proceeding *pro se* and seeks habeas corpus relief, the court believes it would be in the interest of justice to transfer this case to the United States District Court for the Northern District of Alabama under § 1631.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before October 27, 2014. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE, this 14th day of October, 2014.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE